**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| TDBBS LLC, | No. CV-19-01312-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Ethical Products Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Ethical Products Incorporated's Motion To Dismiss For Lack of Personal Jurisdiction. The Court has now considered the Motion (Doc. 27, Mot.), Plaintiff TDBBS LLC's Response (Doc. 37, Resp.), and Defendant's Reply (Doc. 39, Reply).

## **BACKGROUND**

Plaintiff initiated this action on February 25, 2019 by filing the complaint, which included an application for temporary restraining order ("TRO") and preliminary injunction. (Doc. 1). The complaint alleges that Defendant recruited and hired Plaintiff's former Vice President of Sales, Timothy Fabits, for the purpose of misappropriating Plaintiff's confidential information and trade secrets in order to jump start Defendant's new pet treats and chews business. (Doc. 1 ¶ 2). Plaintiff, a pet chew and treat business, is a Delaware LLC with its principal place of business in Virginia. (Doc. 1 ¶¶ 11, 17). Defendant, a business selling a variety of pet products, is a New Jersey corporation with its principal place of business in New Jersey. (Doc. 1 ¶¶ 12, 24).

On February 27, 2019, Judge Lanza set a hearing in regard to Plaintiff's application for TRO for the following day, February 28, 2019. Also on February 27, 2019, Defendant's local counsel noticed their appearances and Defendant's out of state counsel was granted pro hac vice admission to the case. Defendant's counsel appeared telephonically for the February 28, 2019 hearing. Judge Lanza denied the application for TRO, and ordered Defendant to file its answer and a response to Plaintiff's request for a preliminary injunction by March 11, 2019. (Doc. 18). After Judge Lanza denied the TRO, Defendant's counsel appeared telephonically on March 5, 2019, for a discovery dispute conference regarding document production and depositions. The Court ordered both parties to be available for four hours of depositions prior to the preliminary injunction hearing, which the Court set for March 13, 2019. Plaintiff noticed a deposition scheduled for March 8, 2019, (Doc. 25), and Defendant noticed a deposition scheduled for March 11, 2019, (Doc. 26).[1] On March 11, 2019, Defendant filed the instant motion to dismiss for lack of personal jurisdiction (Doc. 27), a response to the application for preliminary injunction (Doc. 28), and an answer to the complaint (Doc. 29). Plaintiff responded arguing that (1) this Court has personal jurisdiction over Defendant and (2) Defendant has waived and forfeited its personal jurisdiction defense.

## **DISCUSSION**

### I. Legal Standard

A defendant may move to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2). Plaintiffs bear the burden of establishing personal jurisdiction. *Ziegler v. Indian River Cty.*, 64 F.3d 470, 473 (9th Cir. 1995). However, "it is well-recognized that personal jurisdiction—unlike subject-matter jurisdiction—may be waived." *Smith v. Idaho*, 392 F.3d 350, 355 (9th Cir. 2004). Rule 12 provides that a defendant can waive the defense of personal jurisdiction by not raising it in a responsive pleading or in a motion to dismiss that precedes the pleading. Fed. R. Civ. P. 12(h)(1). The defense of lack of personal jurisdiction may also be waived as a result of the defendant's conduct before the

---

[1] Plaintiff and Defendant both state that the deposition noticed by Defendant did not occur. (Resp. at 10) (Reply at 7).

court. *Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1318 (9th Cir. 1998), *as amended on denial of reh'g and reh'g en banc* (June 15, 1998). "A general appearance or responsive pleading by a defendant that fails to dispute personal jurisdiction will waive any defect in service or personal jurisdiction." *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986), *amended by* 807 F.2d 1514 (9th Cir. 1987). The Ninth Circuit has described a general appearance as "an overt act by which the party comes into court and submits to the jurisdiction of the court," and "an affirmative act involving knowledge of the suit and an intention to appear." *Id.*

## II. Waiver Analysis

The question in this case is not whether Defendant waived any personal jurisdiction defense by not asserting it in a Rule 12 Motion or Answer, but whether Defendant waived such a defense through its conduct before the Court. Plaintiff argues that Defendant has waived any lack of personal jurisdiction defense because Defendant (1) voluntarily appeared to argue against the merits of the case at the TRO hearing, (2) argued a discovery dispute before the Court, (3) defended two depositions, and (4) filed notice of another deposition. (Resp. at 10). Plaintiff replies that personal jurisdiction is not waived because the defense was asserted at the first available opportunity. (Reply at 6–8).

As described above, the question in this case arises from a short time span of appearances by the parties. But during that time span, Defendants made significant appearances before the Court, all without raising the defense of personal jurisdiction. *See Marquest Med. Prod., Inc. v. EMDE Corp.*, 496 F. Supp. 1242, 1246 (D. Colo. 1980) (citing *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)) ("The policy of conserving judicial time and effort by disposing of preliminary matters is paramount to the countervailing policy of affording parties to a suit time to plead procedural defenses."). The Court notes that appearing at the TRO hearing and arguing the merits or "quasi-merits" of the case without at least noting any possible jurisdiction defense weighs in favor of waiver. *See, e.g.*, *Wyrough*, 376 F.2d at 547 (jurisdiction waived after defendant appeared and argued in 4-day preliminary injunction hearing held one week

after notice of the action without raising the defense); *New.Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1071, 1074 (C.D. Cal. 2003) (jurisdiction waived by defendant's active participation in the proceedings, including defendant's appearance and participation in oral argument regarding the preliminary injunction while remaining silent as to the issue of personal jurisdiction); *TLC Vision (USA) Corp. v. Freeman*, No. 4:12-CV-01855-ERW, 2013 WL 230254, at *5 (E.D. Mo. Jan. 22, 2013) (jurisdiction waived after defendant appeared at a hearing challenging an application for TRO during which the court considered the "merits or quasi-merits of the controversy"). However, the Court also recognizes that the hearing took place just two days after the summons was issued and that the Court denied Plaintiff's request for TRO. *See Peterson*, 140 F.3d at 1318 (noting possibility of a defendant "sandbagging" by raising the issue of personal jurisdiction only after a negative disposition on the merits).

But after appearing at the TRO hearing, Defendant continued to participate in the litigation, waiting to raise the defense of personal jurisdiction until its first Rule 12 motion. Notably, Defendant participated in a discovery dispute conference with the Court five days after the TRO hearing, which regarded document production and the timing of depositions. Defendant argued that there was no time for depositions before the preliminary injunction hearing. Defendants did not raise the defense of personal jurisdiction during the hearing or even give the Court or Plaintiff an inkling that such a defense was being considered—giving the Court and Plaintiff every reason to believe that Defendant would be defending the case during the upcoming preliminary injunction hearing. The Court ordered each of the parties to be available for four hours of deposition prior to the preliminary injunction hearing. Both Plaintiff and Defendant noticed scheduled depositions, although the parties agree that the deposition noticed by Defendant never occurred.

It is well-established that even if a defendant raises the defense of personal jurisdiction in its first motion or responsive pleading, such a defense can be waived by a defendant's conduct before the court. The Defendant appeared multiple times before the court without making any effort to alert the Court of its intent to raise the defense of

personal jurisdiction. *See Johnson v. Comm'n on Presidential Debates*, No. SACV-12-1600 FMO (ANx), 2014 WL 12597805, at *4 (C.D. Cal. Jan. 6, 2014) (jurisdiction not waived when defendant filed a response to a TRO application, specifically noting that it reserved the right to contest personal jurisdiction, and then timely raised the personal jurisdiction issue in its first motion or responsive pleading). And Courts have found that certain actions are more indicative of a party's intent to defend a suit on its merits. *See, e.g.*, *Pom Wonderful LLC v. Gida Maddeleri ITH IHR TIC SAN AS*, No. CV 11-09249 SJO (FFMx), 2014 WL 12738923, at *3 (C.D. Cal. June 11, 2014) (jurisdiction waived by filing a motion to set aside default and noting that a motion to set aside default "demonstrates a much stronger intention to defend the suit" than filing motions to extend time); *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 869 F. Supp. 35, 38–39 (D.D.C. 1994) (jurisdiction waived when defendant filed an opposition and appeared in court to argue against a preliminary injunction without objecting to jurisdiction).

### III. CONCLUSION

The Court finds that after weighing all of Defendant's activities before the Court, Defendant waived the defense of personal jurisdiction. As such, the Court does not need to consider the merits of Defendant's motion, and the motion is **DENIED**.

Dated this 18th day of March, 2019.

Honorable Susan M. Brnovich
United States District Judge